# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HABEEBULLAH RASHEED,           )   2:11-cv-01411-JCM-CWH
                               )
        Plaintiffs,          )
                               )   **SCREENING ORDER**
   vs.                        )
                               )
NEVADA DEPT. OF CORRECTIONS,   )
 et al.,                       )
                               )
        Defendants.          )
_____)

      Presently before the court is plaintiff Habeebullah Naeem Rasheed's motion for a temporary restraining order.  (Doc. #22).  The government has not filed a response.

      Plaintiff's motion alleges that the State of Nevada, Department of Corrections and individual officers are engaged in a conspiracy and campaign of harassment to violate plaintiff's constitutional rights.  Specifically, plaintiff contends that he was unlawfully imprisoned for four days after being released from custody on March 29, 2012.  Plaintiff claims that after he was supposed to be released, the Department of Corrections continued to hold him based on one warrant from the City of North Las Vegas, Nevada, for unpaid parking tickets in the amount of $2,700 and a second warrant from Oakland, California for a probation violation.  Plaintiff contends that neither of these warrants were valid.

      Plaintiff's temporary restraining order requests that the court "somehow restrain the defendants and order them to pay for the $1,500.00 worth of damage that was done to [his] vehicle resulting from that 4 day false imprisonment."  TRO at 4:22-24.

A court may issue a temporary restraining order when the moving party provides "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

As is apparent from plaintiff's prayer for relief, there is no allegation here, much less any "specific facts" that "immediate and irreparable injury, loss, or damage will result" absent a temporary restraining order. Plaintiff has provided no reason why this court should act prior to giving the government a chance to respond or even explained how the *Winter* factors apply to the facts of his case. The court finds the motion completely lacking in merit.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. #22) be, and the same hereby is, DENIED.

DATED April 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

2