**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

HABEEBULLAH RASHEED,  )   2:11-cv-01411-JCM-CWH
         Plaintiffs,  )
                             )   **ORDER**
    vs.  )
                             )
NEVADA DEPT. OF CORRECTIONS,  )
 et al.,  )
         Defendants.  )

Presently before the court is defendants' motion to dismiss plaintiff's complaint. (Doc. #12). Plaintiff Habeebullah Naeem Rasheed has filed an opposition (doc. #14) to which the defendants have replied (doc. #15).

**I.   Background**

Plaintiff's complaint alleges that the Nevada Department of Corrections and several individual officers are engaged in a conspiracy and campaign of harassment to violate plaintiff's constitutional rights. Specifically, plaintiff contends that he was unlawfully discriminated against on the basis of religion when he was forced to shave his beard and disciplined for failing to cut his dread locks. Plaintiff asserts that as a "Nazarite, Rastafarian, and Levite Melchizedek High Priest," he cannot allow a razor to shave hair on his face and head. As a result of having to shave his beard and being disciplined for not cutting his hair, plaintiff seeks $350,000,000 in punitive and compensatory damages.

Plaintiff originally filed claims for religious discrimination and retaliation under the First Amendment, equal protection under the Fourteenth Amendment, conspiracy, and cruel and unusual punishment under the Eighth Amendment against The Nevada Department of Corrections, Southern Desert Correctional Center, the Ely Conservation Camp, Warden Williams and Correctional Officer

1 Noah. After screening the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. 1915A(a),
2 this court dismissed the Eighth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6) and defendants
3 Nevada Department of Corrections, Southern Desert Correctional Center, and Ely Conservation Camp
4 pursuant to the Eleventh Amendment's sovereign immunity clause.

5   Accordingly, the only remaining claims consist of religious discrimination and retaliation under
6 the First Amendment, equal protection under the Fourteenth Amendment, and conspiracy. The only
7 remaining defendants are Warden Williams and Correctional Officer Noah.

8   Defendants now move to dismiss, arguing that plaintiff has failed to exhaust his administrative
9 remedies. Upon reviewing the exhibits filed by both plaintiff and defendant regarding plaintiff's
10 administrative grievances, this court agrees that plaintiff has failed to exhaust his remedies.

11 **II.   Discussion**

12   Pro se pleadings must be liberally construed, especially where civil rights claims are involved.
13 *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
14 Cir.1990).

15   Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior
16 to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions
17 under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
18 correctional facility until such administrative remedies as are available are exhausted."). In *Woodford*
19 *v. Ngo*, 548 U.S. 81, 93 (2006), the Supreme Court held that the PLRA requires "proper" exhaustion of
20 administrative remedies. The Court wrote, "Proper exhaustion demands compliance with an agency's
21 deadlines and other critical procedural rules." *Id*. at 90. This is "because no adjudicative system can
22 function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at
23 90–91. The exhaustion requirement is mandatory regardless of the relief sought, and the available
24 remedies need not be "plain, speedy, and effective." *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

25   A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the
26 procedures set forth in NDOC Administrative Regulation 740. This regulation expressly mandates that
27 inmates "shall file an informal grievance" within six months "if the issue involves personal property

28

1  damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims."
2  It further warns that "[f]ailure by the inmate to submit a proper Informal Grievance form" within this
3  time frame "shall constitute abandonment" of the inmate's right to pursue resolution of that claim at any
4  level of the inmate grievance procedure.  Thus, an inmate in the custody of the NDOC, who fails to
5  timely file a proper informal grievance, has abandoned his right to pursue resolution of any such claims
6  through the inmate grievance procedure.

7  When no other administrative remedy is available, the exhaustion requirement is deemed
8  fulfilled. *Booth*, 532 U.S. at 736 n. 4.  The obligation to exhaust persists as long as some remedy is
9  available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v.*
10 *Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).

11 Non-exhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, (2007);
12 *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because there can be no absence of exhaustion
13 unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that
14 pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the
15 relief already granted as a result of that process. *Brown*, 422 F.3d at 936-37 (9th Cir. 2005).

16 <u>Claims Based on the Removal of Plaintiff's Beard</u>

17 With respect to plaintiff's allegations regarding the removal of his beard, plaintiff never filed a
18 grievance challenging the grooming policy or alleged threats from staff.  Plaintiff argues that he was
19 prevented from filing a grievance because he feared retaliation from the alleged perpetrator of the
20 threats.  Opp. at 7-8.  The court finds the charge of feared retaliation unpersuasive.  Plaintiff was
21 subsequently transferred away from the facility where his beard was shorn, and away from the individual
22 that he feared, therefore he could have filed a grievance without fear of retaliation (as he did with regards
23 to his complaint regarding his dread locks).  As plaintiff failed to even initiate, let alone exhaust, his
24 administrative remedies with respect to the shaving of his beard, the court finds that defendants have met
25 their burden of raising and proving the absence of exhaustion of plaintiff's First Amendment, Fourteenth
26 Amendment, and conspiracy claims with respect to the removal of plaintiff's beard.  *See* 42 U.S.C. §
27 1997e(a).

28

<u>Claims Based on Disciplinary Actions taken with Regard to the Length of Plaintiff's Hair</u>

Plaintiff's claims relating to the disciplinary actions imposed for his refusal to cut his dread locks must similarly be dismissed for failure to exhaust administrative remedies. Plaintiff complains of being "written up" for six disciplinary infractions while incarcerated at Ely Conservation Camp, resulting in an increase in plaintiff's custody level. Defendants' motion, as well as plaintiff's opposition, attach the write ups as well as other documents from plaintiff's inmate file. The attached exhibits establish that plaintiff never properly appealed the disciplinary write ups, and therefore failed to exhaust his administrative remedies.

The first grievance plaintiff filed in relation to the length of his hair was filed on April 7, 2011. *See* Mot., Ex. D, Grievance #8660. This grievance was denied. *See id.* Rather than appealing the grievance, plaintiff filed a second grievance voicing the same complaint. *See id.*, Ex. E, Grievance #8882. This second grievance was denied on the basis that it was a duplicate. *See id.* Rather than file a second, duplicative grievance, plaintiff was required to appeal his initial grievance up the chain. Grievance #8860 clearly stated such, where it instructed "A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVEN THE INMATE DISAGREES." Ex. D. Rather than follow these instructions, plaintiff decided to file a second grievance. Though he appealed his denials of the second grievance, he never appealed the denial of the first (operative) grievance.

The second grievance, and its successive appeals were properly denied as duplicative. Therefore, plaintiff's continued escalation of the grievance up the various levels of command were unhelpful to his cause. Plaintiff should have appealed his first, operative grievance. By failing to do so, plaintiff abandoned his administrative remedies and failed to properly exhaust.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #12) be, and the same hereby is, GRANTED.

DATED May 17, 2012.

_____
UNITED STATES DISTRICT JUDGE